UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEMETRIOUS STEWART, | Case No. 3:16-cv-00046-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| E.K. DANIEL, et. al., | |
| Defendants. | |

Before the court is Plaintiff's Motion to Appoint Pro Bono Counsel to Protect the Right of Meaningful Access to the Courts; and Motion to Stay Proceedings Pending Confirmation of Counsel. (ECF No. 31.)

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Pl.'s Am. Compl., ECF No.6.) The events giving rise to this action took place while Plaintiff was housed at Lovelock Correctional Center (LCC). (*Id*.) The court screened the amended complaint and allowed Plaintiff to proceed with a single Eighth Amendment claim of deliberate indifference to a serious medical need against defendants Terry Lindburg, Susan Baros, William Sandie (incorrectly named as Sandie Williams), Glenn Chambers and E.K. McDaniel (incorrectly named in the caption as E.K. Daniel). (ECF No. 5.) Specifically, Plaintiff alleges that he requires special shoes that meet his medical needs, and while he was previously permitted to have these shoes, when his family ordered the shoes for him from an outside vendor he was not permitted to have them. (ECF No. 6 at 3-4.)

He previously filed a motion for preliminary injunction, which the undersigned recommended be denied, and that report and recommendation is currently pending before District Judge Du. (ECF No. 21.)

Plaintiff has now filed a motion for appointment of counsel. Plaintiff states that he cannot afford counsel; the substantive and procedural requirements are difficult and incomprehensible to him; he cannot investigate, take depositions or otherwise proceed with discovery due to his incarceration; he has limited access to legal materials; he cannot investigate crucial facts; he does not have the legal knowledge and ability to prosecute this lawsuit; the appointment of counsel would aid the court; he is unable to visit the prison law library and browse through books and ask questions; he has to use a paging system to make requests by subject matter; the law library assistants cannot give legal advice to the inmates; and he has a right to access the courts.

In addition, he states that counsel would be able to obtain evidence that would support his opposition to Defendants' pending motion for summary judgment. Specifically, he states that counsel could obtain evidence that NDOC receives "kickbacks" from the purchase of "securepaks;" that the vendor from which he purchased his shoes is a reputable vendor shipping goods to prisoner's nationwide.

It is unclear whether Plaintiff seeks appointment of counsel under the District of Nevada's pro bono program or pursuant to 28 U.S.C. § 1915(e)(1).

First, under the District of Nevada's Pro Bono Program, a litigant may not request referral to the program; instead, the district or magistrate judge to whom the action is assigned may issue an order referring the action to the Pro Bono Program. General Order 2016-02. The decision to make such a referral is within the discretion of the judge and is based on various factors including the potential merit of the claims; the nature and complexity of the action including the need for factual investigation, the need for experts, and overall needs for discovery; presence of conflicting testimony; the capability of the pro se party to present the case; the degree the interests of justice would be served by appointing counsel. *Id.*

Here, the court does not find that the circumstances warrant referral to the Pro Bono Program. Initially, as to the nature and complexity of the action, Plaintiff presents a single Eighth Amendment claim based on the allegation that he was precluded from having medically necessary shoes. The claim is not unduly complex, and fairly straightforward compared to other

Eighth Amendment medical care claims that come before this court. There does not appear to be a need for experts, and any factual investigation can be sufficiently completed through written discovery (i.e., interrogatories and requests for the production of documents). The court observes that Plaintiff was able to adequately articulate his Eighth Amendment claim and arguments in connection with his motion for preliminary injunction, suggesting he would be similarly capable in responding to the motion for summary judgment. Therefore, it does not appear that the interests of justice would be served by referring this matter to the Pro Bono Program.

Second, "a person [generally] has no right to counsel in civil actions." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff's current motion does not address whether he has a likelihood of success on the merits, but the court notes that it found in reviewing his motion for preliminary injunction (which requires a showing of likelihood of success on the merits) that Plaintiff had not demonstrated a likelihood of success on the merits of his claim. (*See* ECF No. 21 at 3-7.) In addition, as stated above, Plaintiff has shown an ability to articulate his claim and the legal issues involved are not complex.

Plaintiff references perceived deficiencies in the law library system at LCC, and his right to access the courts. Inmates do have a constitutional right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 828 (1977), *limited in part on other grounds in Lewis v. Casey,* 518 U.S.

343, 354 (1996). An inmate allegation a violation of their right of access to the courts must show "actual injury," a requirement that "derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis v. Casey,* 518 U.S. 343, 349 (1996) (citations omitted). "It is for courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts; it is for the political branches of the State and Federal Governments to manage prisons in such fashion that official interference with the presentation of claims will not occur." *Id*. *Lewis* held that *Bounds* did not establish a right to a law library or legal assistance, but a right of "*access to the courts." Id*. at 350.

"[A]n inmate cannot establish relevant actual injury by simply establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. at 351. Instead, the inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. The Supreme Court gave the following example: "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Id*. Another example is when an inmate "suffer[s] arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Id*. The right of access to the courts does not guarantee an inmate the right to "*litigate effectively* once in court." *Id*. at 354 (emphasis original). Nor does it "guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing

Plaintiff presents deficiencies he perceives with respect to LCC's law library, but has not demonstrated that this hindered his efforts to pursue his legal claim. Plaintiff is reminded that the right of access to the courts assures Plaintiff is able to bring his claim to the courts, but does not guarantee him a right to litigate it effectively once there. As such, his concerns about the law library at LCC do not give rise to an access to the courts claim, and, insofar as this order is concerned, do not support the appointment of counsel.

///

Therefore, Plaintiff has not presented the exceptional case which warrants the appointment of counsel.

Accordingly, Plaintiff's motion requesting the appointment of counsel (ECF No. 31) is **DENIED**. To the extent he requests that these proceedings be stayed while the appointment of counsel is confirmed, that request is **DENIED AS MOOT**. The court will grant Plaintiff an extension up to and including **May 3, 2017** to respond to Defendants' motion for summary judgment. Defendants' shall file their reply brief in accordance with the Local Rules.

Finally, Plaintiff states that he did not get a copy of Exhibit N submitted in support of Defendants' motion. Exhibit N was filed under seal and consists of Plaintiff's medical records. While prison regulations preclude Plaintiff from possessing the medical records in his cell, he may kite the warden's office to review the records and take notes so that he may respond to Defendants' motion. The Attorney General's Office shall take steps to ensure Plaintiff is given a reasonable amount of time to review Exhibit N so that he may respond to the motion for summary judgment.

**IT IS SO ORDERED.**

DATED: April 11, 2017.

_William G. Cobb_
_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE