1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                         DISTRICT OF NEVADA
8                                 * * *
9   DEMETRIOUS STEWART,              Case No. 3:16-cv-00046-MMD-WGC
10                        Plaintiff,
11      v.                           ORDER ACCEPTING AND ADOPTING
                                     REPORT AND RECOMMENDATION OF
    E.K. DANIEL, *et al*,            MAGISTRATE JUDGE
12                                   WILLIAM G. COBB
                         Defendants.
13

14   **I.    SUMMARY**

15         Before the Court is the Report and Recommendation of United States Magistrate

16   Judge William G. Cobb (ECF No. 21) ("R&R") recommending the Court deny Plaintiff

17   Demetrious Stewart's Motion for Preliminary Injunction ("Motion") (ECF No. 17). Plaintiff

18   filed an objection ("Objection") (ECF No. 22) and Defendants filed a response

19   ("Response") (ECF No. 24). Plaintiff then filed a reply to the Response ("Reply") (ECF

20   No. 25). LR IB 3-2(a) provides that replies are permitted to be filed only with leave of

21   court. Plaintiff did not seek leave of court to file his Reply. The Reply will be stricken.

22   **II.   RELEVANT BACKGROUND**

23         Following screening, the Court permitted Plaintiff to proceed on his single claim

24   for Eighth Amendment deliberate indifference to a serious medical need based on

25   allegations that he has been denied special shoes that are medically prescribed. (ECF

26   No. 5.) Plaintiff alleges in the Complaint that he requires special shoes that meet his

27   medical needs and that he has previously been permitted to order and wear these shoes

28   that were either special ordered for him or sent in from a shoe company paid for by his

family member. (ECF. No. 6 at 3-4.) Plaintiff alleges that on May 2, 2015, he received in the mail a pair of shoes ordered from an outside vendor, but he was told he could not have them without medical authorization and the medical authorization he provided was rejected as having been expired. (*Id.* at 4-5.) When Plaintiff provided the updated medical authorization, he was still denied the shoes and was directed to consult with Defendant Williams. (*Id.*) Plaintiff alleges that without these shoes, he suffers pain as he attempts to engage in day to day activities. (*Id.*)

Plaintiff subsequently moved for preliminary injunctive relief, contending that Defendants "still refused to give him the shoes that was mailed to him from a shoe company."[1] (ECF No. 17 at 5.) Plaintiff asks the Court to "order the defendants to permit plaintiff to have his shoes within one day of receipt of the court's order." (*Id.* at 8.)

## III.    LEGAL STANDARDS

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and

---

[1]The Recommendation recites the parties' respective factual allegations relating to the Motion (ECF No. 21 at 4-7), which the Court adopts.

recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiff's Objection, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendation to deny Plaintiff's Motion.

## IV. DISCUSSION

The Magistrate Judge found that Plaintiff has been offered the procedures for obtaining shoes that satisfy Plaintiff's medical needs as in the past, Plaintiff has not demonstrated that the shoes provided in the past did not meet his medical needs, and Plaintiff insists that he be provided with the shoes ordered for him by his family from a vendor that NDOC has not authorized. (ECF No. 21 at 7-9.) Based on these findings, the Magistrate Judge recommends denying Plaintiff's Motion because Plaintiff fails to demonstrate likelihood of success on the merits or likelihood that he will suffer irreparable harm. The Court agrees and adopts the Magistrate Judge's findings and recommendation.

In his Objection, Plaintiff argues that he did dispute that Chambers offered to go through the same procedures as in the past to order him shoes that met his medical needs because he alleges in his Complaint that Chambers told him he was no longer authorized to order shoes for health reasons.[2] (ECF No. 22 at 1.) Plaintiff asserts that he would have no reason to refuse Chambers' offer. (*Id.* at 2.) However, Plaintiff's Motion asks the Court to direct that he be given the shoes his family ordered for him from a vendor deemed unauthorized. (ECF No. 17.) Plaintiff's Motion does not ask that the Court direct Chambers to follow past procedures to order shoes that accommodate his medical condition as Defendants have done in the past. The request identified in Plaintiff's Objection—that Defendants "provide [Plaintiff] with shoes that meet [Plaintiff's] medical needs as determined by the doctor in the updated medical order dated

///

///

---

[2]In the Complaint, Plaintiff alleges that his level one grievance was denied and he was told that Chambers can order shoes for him, but Chambers told Plaintiff that "he was told not to special order shoes for health reasons anymore." (ECF No. 6 at 5.)

3

1    December 2, 2015" (ECF No. 22 at 4)—is not the relief that Plaintiff seeks in his Motion.[3]

2    Thus, as presented, the Court will deny Plaintiff's Motion.

3        Plaintiff's Objection also argues that he did not have proper notice that packages

4    sent to him must come from authorized vendors because the list of vendors are not

5    found within AR 711.1. (ECF No. 22 at 2.) However, the Magistrate Judge correctly

6    found that AR 711.1 provide sufficient notice that outside packages must come from

7    authorized vendor. (ECF No. 21 at 7.) The absence of a specific list of vendors does not

8    render the notice that packages must be sent from approved vendors ineffective.

9    **V.    CONCLUSION**

10       It is therefore ordered, adjudged and decreed that the Report and

11   Recommendation of Magistrate Judge William G. Cobb (ECF No. 21) is accepted and

12   adopted in its entirety.

13       It is ordered that Plaintiff's Motion for Preliminary Injunction (ECF No. 17) is

14   denied.

15       It is further ordered that the Clerk strike Plaintiff's unauthorized Reply (ECF No.

16   25.)


17       DATED THIS 2nd day of May 2017.

18
19                                        _____
20                                        MIRANDA M. DU
                                          UNITED STATES DISTRICT JUDGE
21

22

23

24   _____

25       [3]Nor did Plaintiff's Motion ask that he be permitted to try on the shoes as he
     appears to suggest in his Objection. (ECF No. 22 at 4.) It is also not clear to the Court
     how the lack of opportunity to try on shoes relates to Plaintiff's claim of deliberate
26   indifference under the Eighth Amendment. The declaration attached to Plaintiff's
     Objection asserts that the shoes that were previously issued from a vendor called "Bob
27   Barker" hurt his feet because of "the type of construction and type of material used."
     (ECF No. 22 at 6.) As Defendants correctly pointed out, these allegations are not part of
28   the Complaint and were not raised in Plaintiff's Motion.

                                          4