UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEMETRIOUS STEWART,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>E.K. McDANIEL, *et. al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:16-cv-00046-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.　SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 49) ("R&R") relating to Defendants' Motion for Summary Judgment ("Defendants' Motion") (ECF No. 26). The Magistrate Judge recommends granting Defendants' Motion. Plaintiff filed an objection ("Objection") (ECF No. 50) to which Defendants have responded. (ECF No 51). On December 20 2017, Defendants filed suggestion of death of Plaintiff pursuant to Fed. R. Civ. P. 25(a)(1). (ECF No. 53.) Defendants ask the Court to dismiss this action because Plaintiff is deceased. (*Id.*) However, because the parties have fully briefed Defendants' Motion and Plaintiff's Objection, the Court addresses the merits of these filings to avoid the need for the Court to rule on whether the claims are extinguished upon Plaintiff's death.[1] For the reasons discussed herein, the Court accepts and adopts the R&R in full.

---

[1]Fed. R. Civ. P. 25(a)(1) provides:

　　If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

## II. BACKGROUND

Plaintiff was an inmate in the custody of the Nevada Department of Corrections ("NDOC") and incarcerated at Lovelock Correctional Center. Following screening, the Court permitted Plaintiff to proceed on his single claim for Eighth Amendment deliberate indifference to a serious medical need. (ECF No. 5 at 5.) Plaintiff claimed that he required special shoes that were prescribed to him that would meet his medical conditions and Defendants refused to permit him to have these shoes. (ECF No. 1-1 at 3-4.) The relevant facts are further recited in the R&R, which this Court adopts.

## III. DISCUSSION

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiffs' objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendation. Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d

///

at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

The Magistrate Judge recommends denying summary judgment based on Defendants' administrative exhaustion affirmative defense. Defendants do not object to this recommendation. The Court thus adopts this recommendation.

In light of Plaintiff's objection to the recommendation to grant summary judgment in favor of Defendants on the merits of his claim, the Court has engaged in a *de novo* review. The Magistrate Judge found that it was undisputed that Plaintiff was not issued the shoes his family had ordered for him because they came from an unauthorized vendor (Walkenhorst's) and that the same shoes were available from the prison's authorized vendor. (ECF No. 49 at 7-9.) Based on these undisputed evidence, the Magistrate Judge found that Plaintiff cannot demonstrate that Defendants were deliberately indifferent to a serious medical need. Having reviewed the briefs relating to Defendants' Motion and Plaintiff's objection, the Court agrees with the Magistrate Judge's findings and recommendation.

The arguments Plaintiff raised in his Objection are not enough to create a genuine issue of material fact to defeat summary judgment. For example, Plaintiff argued that the Magistrate Judge failed to consider evidence that another inmate was permitted to obtain shoes from the unauthorized vendor. (ECF No. 50 at 2.) However, the Magistrate Judge did consider this evidence and correctly found that it did not raise a genuine issue of material fact to show that Defendants were deliberately indifferent to Plaintiff's medical condition. (ECF No. 49 at 9-10.) As another example, whether or not William Sandie ever talked to Plaintiff's family member (which Plaintiff disputed (ECF No. 50 at 3) and whether his family would take the refund from the returned shoes to order shoes from the prison's authorized vendor (*id.* at 4) are not material to Plaintiff's claim.

In sum, the Court agrees with the Magistrate Judge's findings and will adopt the R&R.

///

## IV. CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 49) is accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 26) is granted.

The Clerk is directed to enter judgment in favor of Defendants and close this case.

DATED THIS 27th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE